UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BART SIDNEY POSEY, SR., | ) |
| Petitioner, | ) Civil Action No. 5:25-CV-160-CHB |
| v. | ) |
| DAVID PAUL, Warden, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Bart Posey previously filed a habeas corpus petition challenging the Bureau of Prisons' determination that he did not earn time credits under the First Step Act during a three-year period when he was in state custody pursuant to a detainer. *See Posey v. Paul*, No. 5:25-CV-111-KKC (E.D. Ky. 2025) [R. 1 *therein*]. The Court dismissed that petition without prejudice because Posey did not exhaust his administrative remedies, did not pay the filing fee, and did not utilize the Court's approved habeas petition form. *See id.* [R. 5, p. 1 *therein*]. The Court stated that "Posey may file a new habeas corpus petition after he has completed the inmate grievance process." *Id*. The Clerk received the filing fee shortly thereafter. *See id.* [R. 6 *therein*].

Now, one month later, Posey has filed a new habeas corpus petition reasserting the same claim. *See* [R. 1]. He has also filed an Emergency Motion for Injunctive Relief, *see* [R. 2], and a Motion for Reconsideration, *see* [R. 3].[1] Because the filing fee was received in the earlier case, the Court deems any fee obligation for this habeas proceeding satisfied. However, the Court again denies the petition because Posey failed to exhaust his administrative remedies before

---

[1] Posey wrote the old case number on his each of these documents, but the Clerk has docketed them as a new action in light of the Court's prior Order. *See Posey v. Paul*, No. 5:25-CV-111-KKC (E.D. Ky. 2025) [R. 5 *therein*].

filing his petition. In his original petition, Posey indicated that after his grievance to the warden was denied, he filed an appeal to the Regional Office, which remains pending. *See Posey*, No. 5:25-CV-111-KKC [R. 1, p. 6 *therein*]. This is not the complete, pre-filing exhaustion required by rule. *See Fazzini v. Ne. Ohio. Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006). Posey must complete the appeal process entirely before seeking judicial relief. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so."); *see also Wallace v. Louisville Metro Dep't of Corrs.*, No. 3:22CV-P126-JHM, 2024 WL 406643, at *5 (W.D. Ky. Feb. 2, 2024).

The Court also rejects Posey's assertion that further pursuit of administrative remedies would be futile. This Court and others have flatly and consistently rejected the argument that it is futile to fully exhaust habeas claims challenging the denial of credits under the First Step Act. *Cf. Maggio v. Joyner*, No. 7:21-CV-21-DCR, 2021 WL 1804915, at *1–2 (E.D. Ky. Mar. 25, 2021) (noting that "[d]eterminations under the FSA are fact-bound, including which of the activities [petitioner] has completed qualify for credit under Act" and, in any event, "[c]laims involving statutory interpretation are not categorically excused from the exhaustion requirement."). After all, one of the core purposes of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *See id.*; *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996); *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the

- 3 -

exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies." (citation omitted)).  Finally, Posey's current projected release date is not until November 2029.[2]  Even accounting for the nearly two years of FSA credits he seeks, *see Posey*, No. 5:25-CV-111-KKC [R. 1-1, p. 5 *therein*], he has ample time to complete the grievance process.

Accordingly, it is **ORDERED** as follows:

1. Bart Posey's petition, **[R. 1]**, is **DENIED**.

2. Posey's Emergency Motion for Injunctive Relief, **[R. 2]**, and Motion for Reconsideration, **[R. 3]**, are **DENIED** as moot.

3. This matter is **STRICKEN** from the docket.

This the 9th day of May, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[2] This information is obtainable by reviewing publicly-available data on the Bureau of Prison's online Inmate Locator database.  *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 8, 2025).